## Gallagher *v.* Hurwitz, Appellant.

*Evidence—Receipt for goods—Delivery—Record—Record of a former suit.*

In an action for goods sold and delivered where the delivery of the goods is not challenged, the appellate court will not reverse the judgment for plaintiff because the trial judge admitted in evidence certain receipts showing delivery, the signatures to which were not satisfactorily proven.

In such a case the trial judge properly excludes the record of another suit between the parties, where no allusion to such a suit

is made in the affidavit of defense, and there is no offer of proof to
show why the record is offered.

*Appeals—Assignments of error—Improper assignments.*

Objections to the effect that the verdict was against the law, was
against the evidence, was against the weight of the evidence, and
was excessive, should have been addressed to the court below on
application for a new trial.

Argued Nov. 8, 1916.   Appeal, No. 224, Oct. T., 1916,
by defendant, from judgment of Municipal Court, Phila-
delphia Co., Feb. T., 1916, No. 338, on verdict for plain-
tiff in case of George C. Gallagher v. Harry Hurwitz.
Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEP-
HART and WILLIAMS, JJ.   Affirmed.

Assumpsit for goods sold and delivered.   Before
CRANE, J.

The opinion of the Superior Court states the case.

Verdict and judgment for plaintiff for $341.26.   De-
fendant appealed.

*Errors assigned* were in the following form:

1. The learned trial judge erred in admitting in evi-
dence the six receipts, dated respectively March 9th,
March 15th, September 18th, September 18th, and Sep-
tember 21st, 1912.   (See page 15a.)

2. The court below erred in refusing a nonsuit on the
ground that the allegata and probata differed.   (See
page 16a.)

3. The court erred in sustaining the objection to the
defendant's offer to prove through B. R. Cohn, Esq., that
in March, 1913, subsequent to the date of the items
charged in this suit, the plaintiff had sworn to a certain
statement of claim that the only sum justly due and
owing to the plaintiff from the defendant was less than
$100, and that that sum had been paid.   This was to at-
tack plaintiff's credibility.   (See page 20a.)

4. The court below erred in refusing to allow defend-

ant to answer the question propounded by counsel, as follows:

"Q. You were sued by Mr. Gallagher for some $46 in C. P. No. 5, March Term, 1913, No. 716, is that right?"

This was to prove a declaration against interest. (See pages 22a and 27a.)

5. The court below erred in refusing to admit the two checks in evidence prior to March 9, 1912, in his charge to the jury, as follows:

"I will exclude the two checks dated prior to March 9th, which is the date of the first delivery of merchandise covered in the claim before us. The other two checks there is no objection; we will receive those in evidence. (Exception for defendant to the exclusion of the two checks.)"    (See page 27a.)

6. The verdict was against the law.

7. The verdict was against the evidence.

8. The verdict was against the weight of the evidence.

9. The verdict was excessive.

*Robert Levin,* with him *A. E. Hurshman,* for appellant.

*A. S. Longbottom,* with him *Robert J. Byron* and *G. Lawrence Pape,* for appellee.

OPINION BY TREXLER, J., March 13, 1917:

The plaintiff's demand is for goods sold and delivered and his statement is in the usual form and has a copy of the books of original entry attached. The affidavit of defense does not question the correctness of the account but claims that the merchandise was delivered to one Charles A. McGough who conducted the business afterwards acquired by the defendant and that the plaintiff had in a previous suit recovered or ought to have recovered for the merchandise in question in said suit against McGough and that the judgment obtained therein had been settled by the defendant. The issue was thus joined and under the rules of the Court of Common Pleas

of Philadelphia County the defendant was confined to the defense above set forth.   At the trial it appeared that the plaintiff's demand was for items furnished after the settlement of the suit against McGough and of course the defense failed.   The learned trial judge allowed the defendant to testify that the bills of the plaintiff had been paid and the question of payment was the only one submitted to the jury.

The court allowed six receipts to be offered in evidence showing delivery of the goods.   The evidence identifying them was not very satisfactory and the admission of the receipts was of doubtful propriety, but as the trial judge stated in his charge, the question of their admission was immaterial as the delivery of the goods was not challenged.

The court properly excluded the record of another suit between the parties.   No allusion to this defense was made in the affidavit of defense.   Furthermore an offer of proof should have been made so as to show why the record was offered.   The record of the former suit is not printed and we have no means of ascertaining whether it was competent or not.   The last four exceptions are such as should have been addressed to the lower court on a motion for a new trial.

All the assignments of error are overruled and the judgment is affirmed.